# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | |
| REBECCA KREUTZER and MICHAEL KREUTZER, | Bankruptcy Case No: 03-02377-R |
| Debtors, | |
| JIMMY GIDDENS, M.D., | |
| Appellant, | |
| vs. | Case No. 05-CV-725-CVE-FHM |
| REBECCA KREUTZER and MICHAEL KREUTZER, | |
| Appellees. | |

## REPORT AND RECOMMENDATION

The instant appeal from the United States Bankruptcy Court for the Northern District of Oklahoma is before the undersigned United States Magistrate Judge for report and recommendation. Appellant, Jimmy Giddens, M.D., appeals from a decision of the Bankruptcy Court granting Debtor's motion to reopen the bankruptcy case. The undersigned RECOMMENDS that the appeal be DISMISSED because Dr. Giddens lacks standing, alternatively the undersigned RECOMMENDS that the Bankruptcy Court decision be AFFIRMED.

## I. BACKGROUND

There is no dispute about the facts. The Kreutzers filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 30, 2003. They have a medical malpractice claim against Dr. Giddens which accrued prior to the petition date. They did not list the claim as an asset in their bankruptcy schedules. After they received a discharge of their prepetition debts on August 11, 2003, the Kreutzers have continued to prosecute their

action against Dr. Giddens in the Tulsa County District Court. In the Tulsa County case Dr. Giddens filed a motion to dismiss the malpractice action, asserting: (1) the Kreutzers lack standing to pursue the malpractice action because the underlying claim is an unadministered asset of their bankruptcy estate; and (2) judicial estoppel should apply to prevent the Kreutzers from pursuing the malpractice claim because they failed to list the asset in their bankruptcy case. Thereafter the Kreutzers filed a motion to reopen the bankruptcy case, seeking to amend their schedules to include the malpractice cause of action as an asset and to allow the Trustee to administer any proceeds recovered in that action. The Bankruptcy Court conducted a hearing and issued an order granting the motion to re-open the bankruptcy case and directing the appointment of a trustee. That order is the subject of this appeal.

## II. BANKRUPTCY COURT DECISION

The Bankruptcy Court noted that it had discretion to reopen a bankruptcy case under 11 U.S.C. § 350(b), which provides "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Bankruptcy Court further noted that in construing the predecessor to §350 which permitted reopening of estates "for cause," the Tenth Circuit held: "[e]ven though the bankruptcy court has discretion in many instances whether to reopen an estate, it is the duty of the court to reopen an estate whenever prima facie proof is made that [the estate] has not been fully administered." *Mullendore v. United States (In re Mullendore)*, 741 F.2d 306, 308 (10th Cir. 1984) (citation omitted). The parties agreed that the malpractice claim is an asset of the Kreutzers' bankruptcy estate because it was not administered or abandoned by the Chapter 7 trustee. The Bankruptcy Court therefore concluded that it had

2

a duty under *Mullendore* to reopen the bankruptcy case to enable a trustee to determine whether the asset should be administered for the benefit of the estate. Further, the Bankruptcy Court declined to apply judicial estoppel to deny the request to reopen the case, finding Dr. Giddens' position did not fit the criteria for application of that doctrine.[1]

### III. JURISDICTION

The United States Trustee argues that the Court lacks jurisdiction over this appeal because Dr. Giddens has no standing in this matter. Moreover, the Court has an independent duty to inquire into its jurisdiction. *American Ready Mix, Inc. v. Behles (In re American Ready Mix)*, 14 F.3d 1497, 1499 (10th Cir. 1994). The Tenth Circuit has adopted a standard that requires an appellant to show that he is a "person aggrieved" by the challenged bankruptcy court order. A litigant is a "person aggrieved" if his rights or interests are directly and adversely affected pecuniarily by the decree or order. The order must diminish property, increase burdens, or impair rights. The "person aggrieved" test is a limitation on appellate standing to avoid endless appeals by myriad parties indirectly affected by every bankruptcy court order. *Id.* at 500 (citations and quotations omitted). If there is a dispute as to the relevant facts, the issue of standing should be remanded. However, where as here, there is no dispute on the relevant facts, the appellate court may decide the issue. *Id.*

Dr. Giddens appeals from the Bankruptcy Court order reopening the Kreutzer's bankruptcy case. However, Dr. Giddens has not demonstrated that he has any direct interest in that case. As the defendant in a medical malpractice action brought by the

---

[1] The Bankruptcy Court decision is found in the Court's records at Dkt. 3-9, pp. 20-30.

Debtors, he has no status in the bankruptcy case. He is not among the Kreutzer's creditors, and he is not the trustee. Under the analysis employed by the Tenth Circuit in *Nintendo Company Ltd. v. Patten (In re Alpex)*, 71 F.3d 353 (10th Cir. 1995), Dr. Giddens lacks standing.

In that case, Nintendo sought to reopen a Chapter 11 bankruptcy case, but it was neither the debtor, nor a creditor of the estate. The bankruptcy debtor, Alpex, had an unresolved claim against Nintendo. Nintendo maintained that it was a "party aggrieved" by a Bankruptcy Court order because Bankruptcy Court decisions gave the debtor's shareholders an unlimited right to pursue patent litigation against Nintendo. *Id.* at 357. According to Nintendo, since its status would be affected by how the Trustee interprets and enforces the Plan, it became a "party in interest" endowed with standing the challenge the Plan.

The Court considered the concept of "party in interest" as that term is used in 11 U.S.C. § 350(b) concerning reopening and in Federal Rule of Bankruptcy Procedure 5010 which provides: "A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code." The Court held that although the concept of "party in interest" is broadly defined, it is "implicitly confined to debtors, creditors, or trustees, each with a particular and direct stake in reopening cognizable under the Bankruptcy Code." *Nintendo*, 71 F.3d at 356. The Court found that Nintendo's obligations were not affected by the Plan, but by the course of its separate litigation with Alpex. Nintendo's rights and liabilities derived entirely from its stake in the litigation with Alpex, therefore Nintendo had no standing to reopen the Plan. *Id.* at 358.

Dr. Giddens is in the same situation as Nintendo. Dr. Giddens liability, if any, will not be decided by the Bankruptcy Court, nor is it affected by the Bankruptcy Court proceedings. His rights and liabilities derive solely from the Tulsa County District Court malpractice litigation. Although the reopening of the Kreutzer's bankruptcy case may have the effect of enabling the malpractice suit against Dr. Giddens to proceed, Dr. Giddens has offered nothing to the Bankruptcy Court or on appeal to demonstrate that this result constitutes "a particular and direct stake in reopening cognizable under the Bankruptcy Code" as required by the *Nintendo* case. 71 F.3d at 356.

The undersigned rejects the standing analysis contained in *In re Tarrer*, 273 B.R. 724 (N.D. Ga. 2000), cited by Dr. Giddens. That case is similar to this one. The debtor failed to list his claim against an insurance company as an asset in his bankruptcy. The debtor then initiated a post-discharge arbitration proceeding and sought to reopen the bankruptcy case to amend the schedule to include the claim as an asset. The arbitration defendant objected to reopening, asserting the potential loss of its judicial estoppel defense as the basis for its status as a "party in interest." If the debtor's motion to reopen were denied, it is likely that the arbitration defendant would succeed in having the debtor's claims against it summarily dismissed. The opportunity for summary dismissal would be lost if the motion to reopen was granted and the arbitration defendant would be forced to defend itself against the debtor's claims. *Id.* at 731. The Geogia Bankruptcy Court found that the arbitration defendant had standing to object to reopening because it considered the potential loss of the judicial estoppel defense to be an "imminent injury directly traceable to the Court's decision." *Id.*

5

The Georgia Court did not employ the analysis required by the Tenth Circuit in the *Nintendo* case, which this Court is bound to follow.  Furthermore, the Georgia case does not really support Dr. Gidden's position.  Although the Georgia Court found the objecting party had standing, the Court granted the debtor's motion to reopen.  The Court found that its proper role was to protect the interests of the bankruptcy participants, primarily the interests of the creditors.  In weighing the competing interests, the potential benefit to the creditors outweighed the detriment to the objecting party and the lack of good faith on the part of the debtor in failing to list the claim as an asset.  *Id.* at 735.

The undersigned finds that Dr. Giddens has not demonstrated he is a "person aggrieved" by the challenged Bankruptcy Court order. Dr. Giddens therefore lacks standing to pursue this appeal.  Consequently, the undersigned RECOMMENDS that the appeal be DISMISSED for lack of jurisdiction.

Despite concluding that Dr. Giddens lacks standing, the undersigned has proceeded to address the issues raised by this appeal and submits the following as an alternative basis for the disposition of this case.

## IV.  **STANDARD OF REVIEW**

The Bankruptcy Court's legal conclusions are subject to *de novo* review.  *Phillips v. White* (*In re White*), 25 F.3rd 931, 933 (10th Cir. 1994).  The Bankruptcy Court's findings of fact are reviewed under the "clearly erroneous" standard.  *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540 (10th Cir. 1988).

## V. DISCUSSION

Dr. Giddens objection to reopening the bankruptcy case, and his argument on appeal is that the Bankruptcy Code policy interest of full and frank disclosure of all assets by the debtor at the time a bankruptcy is filed should have somehow operated to preclude the reopening of the Kreutzer's bankruptcy case at the expense of the creditors, even though the creditor's only hope of recovery is the successful prosecution of the Kreutzer's medical malpractice claim. According to Dr. Giddens, allowing the debtors to re-open the case and amend their schedules, only after they have been caught in their failure to disclose, sends a message that debtors should hide their claims until challenged. Dr. Giddens maintains that the motion to reopen should have been denied as a penalty for the Kreutzer's failure to disclose their malpractice claim prior to the closing of their bankruptcy case. He also argues that the bankruptcy court focused on the wrong information in its rejection of judicial estoppel as a basis for barring reopening of the bankruptcy case.

Judicial estoppel is an equitable doctrine invoked by a court in its discretion to protect the integrity of the judicial process. It is said to prevent parties from playing fast and loose with the courts and to restrict improper use of judicial machinery. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) *citing New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 986 (2001). When a party successfully maintains a position in a legal proceeding, he may not later assume a contrary position, simply because his interests have changed, especially if the change in position is to the prejudice of one who acquiesced in the former position. There are several factors courts typically consider in deciding whether to apply judicial estoppel: (1) whether the party's position is clearly inconsistent with a previous position; (2) whether the party successfully

persuaded a court to accept the previous position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Johnson*, 405 F.2d at 1069 (citations omitted).

The Bankruptcy Court declined to apply judicial estoppel to deny the request to reopen the case, because Dr. Giddens did not meet the requirements for application of that doctrine. Dr. Giddens failed to establish he was a party who had acquiesced in the position formerly taken by the Kreutzers. Further, Dr. Giddens' counsel admitted that Dr. Giddens would suffer no "unfair detriment" if the Kreutzers were not estopped from reopening the case. In addition, the Kreutzers would not obtain an unfair advantage over Dr. Giddens if the bankruptcy case were reopened. In rejecting Dr. Giddens' arguments, the Bankruptcy Court found that "[d]enying the Motion to Reopen would unjustifiably thwart the only party currently possessing standing to prosecute the Malpractice Action, the trustee, who is blameless, from administering the Malpractice Action for the benefit of the estate." [Dkt. 3-9, pp. 28-29].

It is important to emphasize that the application of judicial estoppel is invoked by a court at its discretion. Although Dr. Giddens has cited a number of cases which have decided similar issues differently, those cases do not require a different result here because the Bankruptcy Court considered the appropriate factors and made a reasoned application of those factors to the facts of this case. It is clear that Dr. Giddens would have preferred a different result. However, he has failed to demonstrate that the Bankruptcy Court abused its discretion. In particular, Dr. Giddens has failed to demonstrate why it would be unfair to allow the Chapter 7 trustee to decide whether to pursue the malpractice claim against

8

Dr. Giddens for the benefit of the Kreutzers' prepetition creditors, whose claims against the Kreutzers have been discharged and whose only hope for any repayment derives from the potential proceeds of the malpractice claim.

Based on the foregoing, the undersigned RECOMMENDS that the Bankruptcy Court decision be AFFIRMED.

## VI.  CONCLUSION

The undersigned United States Magistrate Judge RECOMMENDS that the appeal be DISMISSED because Dr. Giddens lacks standing, alternatively the undersigned RECOMMENDS that the Bankruptcy Court decision be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a  "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73

F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 10th day of May, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

10