UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| REBECCA KREUTZER and MICHAEL KREUTZER, | ) ) |
| | ) |
| Debtors, | ) |
| | ) |
| JIMMY GIDDENS, M.D., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 05-CV-0725-CVE-FHM |
| | ) |
| REBECCA KREUTZER and MICHAEL KREUTZER, | ) ) |
| | ) |
| Appellees. | ) |

## OPINION AND ORDER

Now before the Court is the report and recommendation of Magistrate Judge Frank H. McCarthy (Dkt. # 14), to dismiss appellant's appeal from the bankruptcy court, or in the alternative, to affirm the ruling of the bankruptcy court. Appellant contests the bankruptcy court's decision to reopen appellees' bankruptcy to include an omitted medical malpractice claim as an asset of the estate.

I.

The parties do not dispute the facts of the case. On April 30, 2003, appellees Rebecca and Michael Kreutzer ("the Kreutzers") filed a petition for relief under Chapter 7 of the Bankruptcy Code, but failed to list their pending medical malpractice claim against Jimmy Giddens, M.D., as an asset of the bankruptcy estate. The Kreutzers received a Chapter 7 discharge on August 11, 2003, and the case was closed on August 29, 2003.

On June 27, 2003, after the Kreutzers had filed for bankruptcy, the Kreutzers initiated a medical malpractice action against Dr. Giddens. Although the Kreutzers voluntarily dismissed the case, they refiled their claim on February 12, 2004. On September 2, 2005, Dr. Giddens filed a motion to dismiss the malpractice action, arguing that the Kreutzers lacked standing to proceed with the medical malpractice claim because it was an unadministered asset of the bankruptcy estate. Dr. Giddens also argued that judicial estoppel prevented the Kreutzers from pursuing the medical malpractice claim because they failed to list the claim as an asset on their bankruptcy schedules, and by doing so, have taken a contrary position in a subsequent judicial proceeding. In response, the Kreutzers filed a motion with the bankruptcy court to reopen their bankruptcy case to include the malpractice claim as an asset, to argue for an exemption of the malpractice claim, and to allow the trustee to administer any non-exempt proceeds from the malpractice litigation.

Dr. Giddens objected to the Kreutzers' motion to reopen their bankruptcy, asserting that judicial estoppel should be invoked as a penalty for the Kreutzers' failure to list the medical malpractice claim as an asset. The bankruptcy court held a hearing and ordered that the Kreutzers could reopen their bankruptcy case under 11 U.S.C. § 350(b). Dr. Giddens appealed that order to the district court pursuant to 28 U.S.C. § 158(c). The magistrate judge issued a report and recommendation that (1) Dr. Giddens lacked standing to bring an appeal and his appeal should be dismissed for lack of subject matter jurisdiction or, in the alternative (2) the bankruptcy court properly declined to apply judicial estoppel and its decision to reopen the Kreutzers' bankruptcy should be affirmed.

## II.

The Court must conduct a <u>de novo</u> review of the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>See</u> <u>also</u> <u>Northington v. Marin</u>, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This matter comes before the Court for appellate review under 28 U.S.C. § 158(c), which imposes limitations on the Court's scope of review. When reviewing the bankruptcy court's decision to reopen a bankruptcy under 11 U.S.C. § 350(b), the Court will review the bankruptcy court's decision for an abuse of discretion. <u>Woods v. Kenan</u>, 173 F.3d 770, 778 (10th Cir. 1999); <u>Nintendo Co., Ltd., v. Patten</u>, 71 F.3d 353, 356 (10th Cir. 1995). The bankruptcy court's findings of fact will not be set aside unless this Court determines the findings were clearly erroneous. FED. R. BANKR. P. 8013; <u>In re Schneider</u>, 864 F.2d 683, 685 (10th Cir. 1988). The bankruptcy court's conclusions of law are reviewed <u>de novo</u>. <u>In re Fingado</u>, 995 F.2d 175, 178 (10th Cir. 1993).

## III.

The magistrate judge determined that Dr. Giddens lacked standing to bring this appeal, and this Court agrees. Even though the parties did not raise the issue before the bankruptcy court, this Court has an independent duty to determine whether it has jurisdiction over Dr. Giddens' appeal. <u>Kennedy v. Lubar</u>, 273 F.3d 1293, 1301 (10th Cir. 2001); <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1316

(10th Cir. 1997). The test for standing to bring a bankruptcy appeal has been described by the Tenth Circuit as the "persons aggrieved" standard, which provides that "the right to appellate review is limited to . . . those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the decree or order of the bankruptcy court." Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir. 1989). This test was adopted to prevent endless appeals by any party that may be indirectly impacted by a bankruptcy court's order. Id. There is no dispute about the facts related to standing, and therefore this Court does not have to remand the matter to the bankruptcy court to decide this issue. American Ready Mix, Inc. v. Behles, 14 F.3d 1497, 1500 (10th Cir. 1994).

To have standing to appeal, the litigant must have a direct and adverse pecuniary interest in the particular order he is challenging. Id. In this case, the underlying order is the bankruptcy court's order allowing the Kreutzers to reopen their bankruptcy to include a previously omitted asset. Dr. Giddens claims this order would impair his ability to raise the defense of judicial estoppel in the pending medical malpractice litigation against him. Dr. Giddens' objection to the magistrate judge's report and recommendation does not even mention the test for appellate standing, although he does discuss standing to appear before the bankruptcy court.[1] Section 1109(b) states that "[a] party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The Tenth Circuit has been clear that the test for standing when appealing a

---

[1] Dr. Giddens argues that In re Quarles, Case No. 04-11059-R (Bankr. N.D. Okla. 2006), supports his claim for appellate standing. However, that case merely addresses the applicability of the test for constitutional standing to appear before any federal court, not the right to appeal a decision of the bankruptcy court under the "persons aggrieved" test.

4

bankruptcy court's order is more stringent than the constitutional standing requirement. In re Colorado Mountain Cellars, Inc., 1998 WL 77744 (10th Cir. Feb. 24, 1998).[2]

In the context of challenging a bankruptcy court's order to reopen a bankruptcy, the Tenth Circuit has confined the meaning of "party in interest" exclusively to debtors, creditors, or trustees. Nintendo Company, Ltd. v. Patten, 71 F.3d 353, 356 (10th Cir. 1995). In that case, Nintendo attempted to reopen a Chapter 11 bankruptcy because the bankruptcy debtor had an unresolved claim against Nintendo. Nintendo's debt was described as "inchoate," because at most the debtor had a potential claim against Nintendo. Id. at 357. Nintendo's rights and liabilities derived from the pending patent litigation with the debtor, but that did not grant Nintendo a similar interest in the closed bankruptcy proceedings. The Tenth Circuit held that Nintendo did not have standing to reopen the debtor's bankruptcy, because it was not a party in interest under the Bankruptcy Code.

Even though the Nintendo case involved a Chapter 11 bankruptcy, the Tenth Circuit's holding regarding Nintendo's lack of standing is relevant to this case. Dr. Giddens' liability to the Kreutzers will be directly decided in the malpractice action, not the bankruptcy proceeding. Although Dr. Giddens has argued a defense related to the outcome of the bankruptcy court's decision to reopen the bankruptcy, that does not mean he has a "particular and direct stake" in the matter. Id. at 356. After reviewing his objection to the magistrate judge's report and recommendation, Dr. Giddens offers no evidence that he has a direct pecuniary interest in the Kreutzers' bankruptcy. Dr. Giddens argues that he may be exposed to potential liability if the

---

[2] This Court is aware that the citation of an unpublished decision is disfavored. 10th Cir. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

bankruptcy is reopened, but he makes no claim that he has a financial interest in the Kreutzes' bankruptcy. At the moment, Dr. Giddens does not owe any debt to the Kreutzers or their bankruptcy estate, and liability will be resolved in the malpractice action. Considering the limited category of claimants to which the Tenth Circuit has afforded appellate standing under § 350(b), it is clear that a direct pecuniary interest in the bankruptcy proceeding is a prerequisite to appellate standing.

Dr. Giddens can not show that he has standing to appeal the bankruptcy court's order under the "persons aggreived" test, as he has offered no basis for the Court to conclude that he has a pecuniary interest that would be directly affected by the bankruptcy court's order. He is not a debtor, creditor, or trustee, merely a potential debtor of the debtors. Dr. Giddens' connection to the bankruptcy case is merely hypothetical, and even at that, a stretch. The Court adopts the magistrate judge's recommendation on this issue.

**IV.**

Dr. Giddens contends that the Kreutzers lacked standing to reopen their bankruptcy under 11 U.S.C. § 350(b). The primary thrust of Dr. Giddens argument is that the debtors do not have standing to reopen their own bankruptcy on behalf of the United States Trustee, because reopening the bankruptcy benefits only the trustee and the creditors. Section 350(b) states that **"**[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In Nintendo, the Tenth Circuit held that standing to reopen a bankruptcy was generally limited to debtors, creditors, or trustees. Id. at 356. Debtors may have a stake "in listing additional creditors, avoiding a lien creditor, or determining the dischargeability of a pre-petition debt." Id. (citations omitted).

In this case, the Kreutzers applied to reopen their bankruptcy to list an unliquidated tort claim and to seek an exemption in the proceeds of the tort claim upon completion of the malpractice litigation. Although the Kreutzers did not seek leave to reopen their bankruptcy until Dr. Giddens filed a motion to dismiss the state court litigation, this does not change the test for standing to reopen a bankruptcy under section 350(b). The Tenth Circuit has clearly stated that a debtor can seek to reopen his bankruptcy to add an unlisted debt acquired before discharge. Id. In fact, "it is the duty of the court to reopen an estate whenever prima facie proof is made that [the estate] has not been fully administered." Mullendore v. United States, 741 F.2d 306, 308 (10th Cir. 1984). The standing analysis is not affected by the Kreutzers' motive for reopening their bankruptcy, even if the primary purpose was to defeat Dr. Giddens' motion to dismiss in the medical malpractice action. The bankruptcy court concluded that the Kreutzers met their burden to reopen their bankruptcy and that they had a sufficient stake in the outcome to file a motion to reopen under section 350(b).[3] Dr. Giddens has offered no reason to reverse the bankruptcy court's decision that the Kreutzers could petition the bankruptcy court to reopen their bankruptcy, and his appeal on this issue is denied.

**V.**

Even assuming Dr. Giddens had standing, the bankruptcy court reached the correct decision by denying his claim for judicial estoppel. Dr. Giddens argues that debtors must be penalized for failing to disclose a potential tort claim on their bankruptcy schedules and that the only way to properly penalize the debtors is to apply judicial estoppel to prevent this fraud on the judicial

---

[3]   The bankruptcy court found that the Kreutzers could seek an exemption for any part of the malpractice judgment in excess of prepetition debts. However, the Kreutzers could not claim an exemption until the estate was reopened. Although the bankruptcy court did not expressly rule on the Kreutzers' standing, it implicitly held that they had standing to reopen their bankruptcy.

system. He argues that debtors will intentionally attempt to hide tort claims, unless defendants in subsequent tort actions may challenge this inconsistency and use judicial estoppel as a defense to dismiss the tort claim. Dr. Giddens also believes that the magistrate judge applied the wrong standard of review to his judicial estoppel claim.

Judicial estoppel is an equitable defense that prevents a party from adopting a contrary position in a subsequent judicial proceeding when it would prejudice the opposing party. New Hampshire v. Maine, 532 U.S. 742 749-50 (2001). However, application of this doctrine is left to the discretion of the court. Id. The Tenth Circuit had repeatedly resisted application of this doctrine, until it felt that Supreme Court precedent required it to apply the principle in some cases. In Johnson v. Lindon City Corp., 405 F.3d 1065 (10th Cir. 2005), the Tenth Circuit crafted the following three-step analysis for claims of judicial estoppel:

> "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id*. (citation omitted). Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir.1996). Second, "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808 (citation omitted). The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery*, 92 F.3d at 224. Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808.

Id. at 1069. These three steps are not absolute requirements, but factors in guiding a court's application of the doctrine of judicial estoppel.

The bankruptcy court's order contains a thorough and well-reasoned discussion of its basis for denying Dr. Giddens' assertion of judicial estoppel. The bankruptcy court found that "Dr.

8

Giddens was not a 'party who acquiesced in the position formerly taken,' that is, relied on the truth of the statements made in the Kreutzers' schedules." Order Granting Debtors' Motion to Re-open Bankruptcy Case and Order Directing the Appointment of a Trustee (Dkt. # 3-9), at 7. The trustee relied on the debtors' schedules; Dr. Giddens did not. The bankruptcy court also found that the Kreutzers would not obtain any unfair advantage from the inconsistency produced by omitting the tort claim on their schedules.[4] If Dr. Giddens were allowed to prevail on his judicial estoppel defense, the trustee would be prevented from prosecuting the malpractice action and paying debts of the estate.

The magistrate judge's report and recommendation follows the reasoning of the bankruptcy court. While it appears from the report and recommendation that the magistrate judge may have been overly deferential to the bankruptcy court's conclusion, this Court comes to the same conclusion as the magistrate judge using a de novo standard of review.[5] Although the Fifth Circuit Court of Appeals has applied judicial estoppel in a similar case, two other circuits have rejected this line of argument. See Biesek v. Soo Line R.R. Co., 440 F.3d 410 (7th Cir. 2006) (holding that

---

[4] At the hearing held by the bankruptcy court on this issue, Dr. Giddens' counsel admitted that he would not be subject to "unfair detriment" in the malpractice action if the Kreutzers were allowed to reopen their case. The bankruptcy court stated that Dr. Giddens would be the party receiving the "undeserved benefit" of having the malpractice case dismissed.

[5] The magistrate judge's report and recommendation contains language suggesting he used an abuse of discretion standard to review the bankruptcy court's order on Dr. Giddens judicial estoppel claim, as opposed to limiting the abuse of discretion standard to the issue of reopening the bankruptcy. Dr. Giddens claims that the magistrate judge should have applied a de novo standard of review to his claim for judicial estoppel. However, Dr. Giddens' arguments based on judicial estoppel and his objection to the Kreutzers' request to reopen their bankruptcy are very closely related, and both are discretionary decisions by the bankruptcy court.

applying judicial estoppel to prevent a debtor from adding tort claim to bankruptcy estate would deny

the trustee the opportunity to pursue assets of the estate and cause harm to creditors); Stacy D v. Primary P & I Underwriters, 374 F.3d 330 (5th Cir. 2004) (holding that debtors were estopped from bringing a tort claim that they failed to disclose on their bankruptcy schedules); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th Cir. 2004) (holding that bankruptcy court abused its discretion by applying judicial estoppel to prevent debtor from reopening bankruptcy claim to list previously undisclosed tort claim). The Tenth Circuit has not ruled on this precise issue. The cases cited by Dr. Giddens applying judicial estoppel require an intentional misrepresentation by the debtor before judicial estoppel will be applied. See Stacy D, 374 F.3d at 335; In re Pryor, 2006 WL 1266531 (Bankr. N.D.Miss. April 18, 2006). Neither party has offered evidence that the Kreutzers intentionally failed to include the tort claim on their bankruptcy schedules, so those cases are inapplicable.

While the law on this question is not settled, the bankruptcy court conducted a thorough search of the existing case law before exercising its discretion to reopen the Kreutzer's bankruptcy. Having reviewed the arguments of the parties and the decision of the bankruptcy court, the Court finds that judicial estoppel does not serve as a bar to the Kreutzers' request to reopen their bankruptcy. In this case, Dr. Giddens did not rely on the inconsistency in the Kreutzers' bankruptcy schedules to his detriment. Any inconsistent statements made to the bankruptcy court can be corrected by reopening the bankruptcy and amending the debtors' schedules. This will also prevent prejudice to any creditors of the debtors that may have a claim to the previously unscheduled assets. Dr. Giddens will not be prejudiced in defending against the Kreutzers' malpractice claim on its

merits because of the Kreutzers' failure to list the malpractice claim on their bankruptcy schedules. After conducting an independent review of the law and facts, it is clear that judicial estoppel should not have been invoked in the circumstances and the bankruptcy court's decision is affirmed.

**VI.**

Accordingly, the report and recommendation (Dkt. # 14) is **adopted**. Appellant's appeal of the bankruptcy court's order reopening appellees' bankruptcy case is **dismissed** because appellant lacks standing to appeal the bankruptcy court's order. Even if appellant had standing, this Court would **affirm** the decision of the bankruptcy court to reopen appellees' bankruptcy.

**IT IS SO ORDERED** this 12th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT